UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **EDCV 25-1088-MWC (JPR)**                              Date: **May 16, 2025**
Title:  **David Anthony Dean v. H.D.S.P. Warden St. Andres**
==============================================================
**DOCKET ENTRY: Order to Show Cause Why This Action Should Not Be Dismissed Without Prejudice**
==============================================================

PRESENT:

HON. **JEAN P. ROSENBLUTH**, U.S. MAGISTRATE JUDGE

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:                ATTORNEYS PRESENT FOR RESPONDENT:
        None present                                                                      None present

**PROCEEDINGS: (IN CHAMBERS)**

On January 6, 2025, Petitioner filed this habeas action in the Eastern District of California.  That court sua sponte transferred the case here on April 28, finding that Petitioner "attacks a conviction issued by the Riverside County Superior Court," "any and all witnesses and evidence necessary for the resolution of [P]etitioner's application are more readily available in Riverside County," and "transfer would be consistent with a previous decision . . . transferring another of [P]etitioner's habeas cases to the Central District."  (Order, ECF No. 29 at 1.)

The Petition challenges the same 2017 convictions and sentence for assault with a deadly weapon and residential burglary Petitioner recently challenged in another habeas petition in this Court.  See Dean v. Unknown, No. EDCV 24-0973-ODW (JPR), 2024 WL 5010710 (C.D. Cal. Oct. 30, 2024), accepted by 2024 WL 5010648 (C.D. Cal. Dec. 6. 2024).  The Court abstained from hearing that petition and dismissed it under Younger v. Harris, 401 U.S. 37, 45-46 (1971), because "Petitioner's state-court proceedings [were] ongoing," the "state ha[d] a well-established strong interest in the prosecution of criminal charges and the defense of its convictions and sentences," "nothing indicate[d] that Petitioner would not have an adequate opportunity to raise his claims in the state proceedings," the "federal-court relief Petitioner [sought] would 'enjoin' the ongoing state proceedings," and "no exception to Younger applie[d]." 2024

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:   **EDCV 25-1088-MWC (JPR)**                                                May 16, 2025
            <u>**David Anthony Dean v. H.D.S.P. Warden St. Andres**</u>                      Page 2

------------------------------------------------------------

WL 5010648, at *1 (accepting R. & R. at *2-3).  The Court's review of the Riverside County Superior Court's online docket confirms that the state-court proceedings on remand from the California Court of Appeal remain ongoing.  Petitioner has not raised any new allegations that demonstrate that anything has changed concerning the <u>Younger</u> factors or that any exception to <u>Younger</u> applies.  Indeed, this Petition raises the same claim that his court of appeal attorney filed a "fraud" brief as he raised in his April 2024 petition.  (<u>Compare</u> Pet., ECF No. 1 at 2, <u>with</u> Pet., <u>Dean v. Unknown</u>, No. EDCV 24-0973-ODW (JPR), ECF No. 1 at 2.)

      No later than 21 days from the date of this order, Petitioner must show cause in writing why this habeas Petition should not be dismissed under <u>Younger</u> for the same reasons the Court dismissed the earlier one.  He is warned that if he fails to timely respond to this order, this action may be dismissed on that basis and for the reasons discussed herein.